```
               UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF FLORIDA
                Case No. 13-20713-Cr-UNGARO
UNITED STATES OF AMERICA,      )
                               )
               Plaintiff,      )
                               )
          -v-                  )
                               )
ISABEL MEDINA, LERIDA LABRADA, )
MAYRA FLORES and GERMAN MARTINEZ,)
                               ) Miami, Florida
               Defendants.     ) January 7, 2014
                               ) 10:33 a.m.


                    Pages 1-46

              TRANSCRIPT OF PLEA COLLOQUY

           BEFORE THE HONORABLE URSULA UNGARO

                 U.S. DISTRICT JUDGE


APPEARANCES:

For the Government        A. BRENDAN STEWART
                          U.S. Department of Justice
                          1400 New York Avenue, NW
                          Washington, DC  20005


For Defendant Medina      CHARLES G. WHITE, ESQ.
                          1031 Ives Dairy Road - Suite 228
                          Miami, Florida  33179


For Defendant Labrada     CELESTE S. HIGGINS
                          Assistant Federal Public Defender
                          150 West Flagler Street
                          Miami, Florida  33130
(continued)
                          (Interpreters present)


REPORTED BY:              WILLIAM G. ROMANISHIN, RMR, FCRR, CRR
(305) 523-5558            Official Court Reporter
                          400 North Miami Avenue
                          Miami, Florida  33128
```

STENOGRAPHICALLY RECORDED COMPUTER-AIDED TRANSCRIPT

```
 1   APPEARANCES (continued)

 2   For Defendant Flores       SIMON PATRICK DAY, ESQ.
                                1111 Brickell Avenue - Suite 2050
 3                              Miami, Florida  33131

 4   For Defendant Martinez     AYUBAN A. TOMAS, ESQ.
                                815 Ponce de Leon Blvd. - Suite 303
 5                              Coral Gables, Florida  33134

 6              (Call to order of the Court)

 7              THE COURT:  I just want to make sure I understand

 8   who's who.  First we have Medina, then Labrada, then Flores

 9   and then Martinez, right?  Okay.  I need for everybody to

10   settle down.  It's a little noisy in here.

11              So, there are significant differences in these plea

12   agreements.  So, what I'll do is we're going to conduct the

13   plea colloquy.  I'll ask all the common questions.  But we're

14   going to have to go over the plea agreements separately.  So

15   it's going to take some time and everyone just needs to be

16   patient and to pay attention.  Okay.

17              So, let's go ahead and swear the defendants, please.

18              THE COURTROOM DEPUTY:  Ms. Medina, Labrada, Flores,

19   and Mr. Martinez, will you raise your right hand.

20              MS. HIGGINS:  I'm sorry, Kathryn.  Ms. Labrada cannot

21   stand.

22              THE COURTROOM DEPUTY:  I know.  I just called her

23   name out with the others.

24       ISABEL MEDINA, DEFENDANT, SWORN AND TESTIFIED THROUGH THE

25   INTERPRETER
```

```
 1        LERIDA LABRADA, DEFENDANT, SWORN AND TESTIFIED THROUGH THE
 2   INTERPRETER
 3        MAYRA FLORES, DEFENDANT, SWORN AND TESTIFIED THROUGH THE
 4   INTERPRETER
 5        GERMAN MARTINEZ, DEFENDANT, SWORN AND TESTIFIED THROUGH
 6   THE INTERPRETER
 7             THE COURTROOM DEPUTY:  Ms. Medina, please state your
 8   name and age.
 9             DEFENDANT MEDINA:  Isabel Medina, 07-22-64.
10             THE COURT:  Is that your birth date, Ms. Medina?
11             DEFENDANT MEDINA:  Yes.
12             THE COURTROOM DEPUTY:  What's your age?
13             DEFENDANT MEDINA:  49.
14             THE COURTROOM DEPUTY:  Now, Ms. Labrada, your name
15   and your age.
16             DEFENDANT LABRADA:  My name is Lerida Labrada.  My
17   birthday is 03-12-54.  My age is 59.
18             THE COURTROOM DEPUTY:  Ms. Flores, your name and your
19   age.
20             DEFENDANT FLORES:  My name is Mayra Flores.  December
21   1, 1963.  Age 50.
22             THE COURTROOM DEPUTY:  Mr. Martinez, your name and
23   only your age, please.
24             DEFENDANT MARTINEZ:  My name is German David Martinez
25   and my age is 36 years old.
```

```
 1              THE COURT:  Okay.  Now, you've each been placed under
 2   oath and I'm going to ask you some questions, and it's
 3   important that you understand that if you answer my questions
 4   falsely, you could later be prosecuted for perjury or for
 5   making a false statement.
 6              Do you understand that, Ms. Medina?
 7         DEFENDANT MEDINA:  Yes.
 8         THE COURT:  Ms. Labrada?
 9         DEFENDANT LABRADA:  Yes.
10         THE COURT:  Ms. Flores?
11         DEFENDANT FLORES:  Yes.
12         THE COURT:  Mr. Martinez?
13         DEFENDANT MARTINEZ:  Yes.
14         THE COURT:  How far did you go in school,
15   Ms. Medina?
16         DEFENDANT MEDINA:  Up to 12th grade.
17         THE COURT:  Ms. Labrada.
18         DEFENDANT LABRADA:  I did college level in Cuba.
19         THE COURT:  Ms. Flores.
20         DEFENDANT FLORES:  12th grade.
21         THE COURT:  And Mr. Martinez.
22         DEFENDANT MARTINEZ:  Nine years.
23         THE COURT:  And Mr. Martinez, are you able to read
24   and write in Spanish without difficulty?
25              DEFENDANT MARTINEZ:  Read or write Spanish, I do,
```

1  yes.

2          THE COURT:  Without difficulty.

3          DEFENDANT MARTINEZ:  Yes, without difficulty.

4          THE COURT:  And have you ever been treated for a

5  mental illness or an addiction to narcotics or alcohol,

6  Ms. Medina?

7          DEFENDANT MEDINA:  No.

8          THE COURT:  And Ms. Labrada?

9          DEFENDANT LABRADA:  No.

10          THE COURT:  And Ms. Flores?

11          DEFENDANT FLORES:  No.

12          THE COURT:  And Mr. Martinez?

13          DEFENDANT MARTINEZ:  No.

14          THE COURT:  Now, have you received a copy of the

15  indictment -- that's the written charges in this case -- and

16  have they been translated into Spanish for you, Ms. Medina?

17          DEFENDANT MEDINA:  Yes.

18          THE COURT:  Ms. Labrada?

19          DEFENDANT LABRADA:  Yes.

20          THE COURT:  Ms. Flores?

21          DEFENDANT FLORES:  Yes.

22          THE COURT:  Mr. Martinez?

23          DEFENDANT MARTINEZ:  Yes.

24          THE COURT:  And have you had a full opportunity to

25  discuss the charges and your case in general, including any

1  defenses that you might have, with your attorney, Ms. Medina?

2          DEFENDANT MEDINA:  Yes.

3          THE COURT:  And Ms. Labrada?

4          DEFENDANT LABRADA:  Yes.

5          THE COURT:  And Ms. Flores?

6          DEFENDANT FLORES:  Yes.

7          THE COURT:  And Mr. Martinez?

8          DEFENDANT MARTINEZ:  Yes.

9          THE COURT:  And are you fully satisfied with the

10  counsel, representation and advice that you've received from

11  your lawyer in this case, Ms. Medina?

12          DEFENDANT MEDINA:  Yes.

13          THE COURT:  Ms. Labrada?

14          DEFENDANT LABRADA:  Yes.

15          THE COURT:  Ms. Flores?

16          DEFENDANT FLORES:  Yes.

17          THE COURT:  And Mr. Martinez?

18          DEFENDANT MARTINEZ:  Yes.

19          THE COURT:  Now, I have in front of me the written

20  plea agreement that you have entered into with the United

21  States.  The plea agreement is in English.

22          Was it translated for you into Spanish before you

23  signed it, Ms. Medina?

24          DEFENDANT MEDINA:  Yes.

25          THE COURT:  And Ms. Labrada?

```
 1              DEFENDANT LABRADA:  Yes.

 2              THE COURT:  And Ms. Flores?

 3              DEFENDANT FLORES:  Yes.

 4              THE COURT:  And Mr. Martinez?

 5              DEFENDANT MARTINEZ:  Yes.

 6              THE COURT:  And did you have a full opportunity to

 7    review the plea agreement and to discuss it with your lawyer,

 8    Ms. Medina?

 9              DEFENDANT MEDINA:  Yes.

10              THE COURT:  Ms. Labrada?

11              DEFENDANT LABRADA:  Yes.

12              THE COURT:  Ms. Flores?

13              DEFENDANT FLORES:  Yes.

14              THE COURT:  And Mr. Martinez?

15              DEFENDANT MARTINEZ:  Yes.

16              THE COURT:  And do you understand each and every term

17    of your plea agreement, Ms. Medina?  Yes.

18              THE COURT:  Ms. Labrada?

19              DEFENDANT LABRADA:  Yes.

20              THE COURT:  Ms. Flores?

21              DEFENDANT FLORES:  Yes.

22              THE COURT:  And Mr. Martinez?

23              DEFENDANT MARTINEZ:  Yes.

24              THE COURT:  Then, in the interest of time I'm not

25    going to go over every term of your plea agreement with you,
```

1  but I am going to go over some of the more important terms.

2  And we're going to go over these separately because there are

3  significant differences between them.

4           So first we're going to take up your plea agreement,

5  Ms. Medina.  Under your plea agreement you've agreed to plead

6  guilty to Count 1 of the indictment charging you with

7  knowingly and willfully conspiring to violate Title 18, United

8  States Code, Section 1347 by executing a scheme and artifice

9  to defraud the Medicare program and to obtain by means of

10  materially false and fraudulent pretenses, representations and

11  promises money and property owned by and under the custody and

12  control of the Medicare program in connection with the

13  delivery of and payment for health care benefits, items and

14  services, in violation of Title 18, United States Code,

15  Section 1349; and in return, the United States agrees to seek

16  dismissal of Counts 2, 3 and 4 of the indictment as to you

17  after you are sentenced.

18           Your agreement goes on to say that you understand

19  that your sentence will be imposed after I have the

20  opportunity to consider the presentence report prepared by the

21  probation office and the advisory Federal Sentencing

22  Guidelines as they apply to your case.

23           The agreement also says that by pleading guilty to

24  Count 1, you are agreeing that I have the jurisdiction and

25  authority to impose any sentence up to the maximum permitted

1    by law for the offense to which you're pleading guilty.

2         The agreement further states that you're going to

3    cooperate with the law enforcement officials, wherever they

4    might be located, and with federal regulatory officials

5    charged with regulating or overseeing the Medicare program by

6    providing full, complete and truthful information regarding

7    your knowledge, conduct and actions while involved in health

8    care and by providing active cooperation in ongoing

9    investigations, if requested to do so.

10         Additionally, you've agreed that, if called upon to

11    do so, you will provide complete and truthful testimony before

12    a grand jury or trial jury in any criminal case, in any civil

13    proceeding or trial, in any administrative proceeding or

14    hearing.  And, of course, as part of that, you've agreed to

15    not fabricate, minimize or exaggerate your involvement or the

16    involvement of others.

17         The agreement further provides that if you

18    intentionally provide any incomplete or untruthful statements,

19    this agreement will be void and the United States will be able

20    to prosecute you to the full extent of the law in this case

21    and use any information you've provided to the Government

22    against you in this or any other prosecution.

23         Additionally, the agreement says that you are going

24    to provide the probation office and counsel for the United

25    States with a full, complete and accurate personal financial

1    statement.  And again, if that statement is not complete or

2    contains untruthful statements, then this agreement will be

3    void.  The Government will be able to prosecute you to the

4    full extent of the law and be able to use any information

5    provided by you against you in this or any other prosecution.

6         The agreement goes on to say that provided you do not

7    commit any new criminal offenses, provided you continue to

8    demonstrate an affirmative recognition and affirmative

9    acceptance of personal responsibility for your conduct, the

10   United States will recommend at sentencing that you receive a

11   three-level reduction in your sentencing guideline calculation

12   for acceptance of responsibility.

13        However, the United States will not be required to

14   make this recommendation if you fail or refuse to make a full,

15   accurate or complete disclosure to the United States and the

16   probation office of the circumstances surrounding your

17   relevant criminal conduct and your present financial

18   condition, or you misrepresent any facts to the United States

19   prior to entering into this plea agreement, or you commit any

20   misconduct after entering into this plea agreement.

21        The agreement then says that if, in the sole and

22   unreviewable judgment of the United States, your cooperation

23   is of such quality and significance to the investigation or

24   prosecution of other criminal matters as to warrant the

25   Court's downward departure from the sentence otherwise

 1    required by the Sentencing Guidelines, the United States may,

 2    at or before sentencing, or after sentencing, to the extent

 3    permitted by law, make a motion saying you've provided

 4    substantial assistance and recommending a sentence reduction.

 5              However, you have specifically acknowledged and

 6    agreed that nothing in the agreement can be construed to

 7    require the United States to file such a motion, and that even

 8    if it files such a motion, I am under no obligation to grant

 9    the motion.

10              The agreement further states that you agree that the

11    following facts are true, and these facts, of course, relate

12    to the calculation of your sentence under the Sentencing

13    Guidelines.

14              The first fact you're admitting to is -- and by the

15    way, these agreements that you've made as to these facts are

16    not binding on me or the probation office.  But, in any event,

17    what you've agreed is that your participation in the

18    conspiracy resulted in an intended or actual loss of more than

19    $20 million and less than $50 million; that the scheme

20    involved sophisticated means; and that you were an organizer

21    and leader of the criminal activity described in the

22    indictment.

23              The agreement further states that you and the United

24    States have agreed to jointly recommend to me that I impose a

25    sentence within the advisory Sentencing Guideline range

1    determined at your sentencing; and you and the United States

2    have agreed to jointly recommend that I neither depart upward

3    nor departed downward under the Sentencing Guidelines when

4    determining your Sentencing Guideline range.

5          Additionally, the agreement states that you and the

6    United States have agreed that there are no facts that would

7    support a variance.

8          Additionally, the agreement states that at the time

9    of sentencing, provided you're otherwise in compliance with

10   this agreement, that the United States will recommend a

11   sentence at the low end of the Sentencing Guidelines.

12         In paragraph 15, the agreement states that based on

13   those stipulated facts and giving you credit for acceptance of

14   responsibility, the recommended but not binding total offense

15   level as adjusted would be a level 31.

16         The agreement further states that you agree to

17   forfeit to the United States voluntarily and immediately any

18   and all forfeitable assets, including $8,437,393, which are in

19   the possession and control of you or your nominees and which

20   sum represents the gross proceeds of the offense to which you

21   are pleading guilty, and you agree to entry of a personal

22   money judgment in that amount.

23         Additionally, the agreement says that you will assist

24   the United States in all of the ways set forth in the plea

25   agreement in connection with forfeiture, and that you are

1    knowingly and voluntarily giving up any claim or defense under

2    the United States Constitution or otherwise to forfeiture, any

3    right to notice, and any right to a statute of limitations

4    defense, and all of that applies regardless of whether the

5    forfeiture is judicial or administrative.

6         The agreement also contains a partial waiver of your

7    appeal rights.  Under the agreement you are giving up your

8    right to appeal any sentence imposed, or the manner in which

9    the sentence was imposed, or any restitution order unless the

10   sentence exceeds the maximum permitted by statute or is the

11   result of an upward departure or variance from the guideline

12   range established at the time of sentencing.  However, if the

13   United States were to appeal your sentence, then under the

14   agreement you would be able to appeal on any basis.

15        Also, the agreement states that by signing it, you

16   acknowledge you've discussed the appeal waiver with your

17   lawyer, Mr. White, and you agree to entry of a specific

18   finding that your waiver of your right to appeal your sentence

19   was knowing and voluntary.

20        The agreement further states that the plea agreement

21   is binding only on the Criminal Division and not binding and

22   does not affect any claims that the United States might have

23   against you under Title 26, which is the Tax Code.

24        And then, once again, the agreement states that if

25   you breach it, it will be void and the Government will be able

1  to prosecute you to the full extent of the law and use any

2  information that you've provided to them against you in any

3  other prosecution or in this prosecution.

4       Now, is there anything about those terms and

5  conditions or any other term and condition of this plea

6  agreement that you do not understand?

7            DEFENDANT MEDINA:  No.  They are fine.

8            THE COURT:  Okay.  All right.

9       Now, Ms. Labrada, under your plea agreement, you've

10 agreed to plead guilty to Count 1 of the indictment charging

11 you with knowingly and willfully conspiring with others to

12 execute a scheme or artifice to defraud the Medicare program

13 and to obtain, by means of materially false and fraudulent

14 pretenses, representations and promises, money and property

15 owned by and under the custody and control of the Medicare

16 program in connection with the delivery of, and payment of,

17 health care benefits, items and services, in violation of

18 Title 18, United States Code, Section 1349; all in violation

19 of Title 18, United States Code, Section 1347; and in return,

20 the United States agrees to seek dismissal of Counts 2, 5 and

21 6 of the indictment as to you after you are sentenced.

22      Your agreement likewise states that you understand

23 that your sentence will be imposed after I have the

24 opportunity to consider a presentence report prepared by the

25 probation office and the advisory Federal Sentencing

1    Guidelines as they apply to your case.

2           The agreement further states that by pleading guilty

3    to Count 1, you are agreeing that I have the jurisdiction and

4    the authority to impose any sentence up to the maximum

5    permitted by law for the offense to which you're pleading

6    guilty.

7           Your agreement states -- and actually so does

8    Ms. Medina's, although I didn't mention it earlier -- that as

9    a result of your plea, you will be exuded from the Medicare,

10   Medicaid and any other federal health care program except as a

11   beneficiary.

12          Your agreement also states that you understand that

13   there may be adverse immigration consequences, for instance,

14   deportation or removal from the United States, on account of

15   your pleading guilty.

16          Your agreement further states that you are going to

17   cooperate with law enforcement officials, wherever they may be

18   located, by providing full, complete and truthful information

19   regarding your knowledge, conduct and actions while involved

20   in health care, and by providing active cooperation in ongoing

21   investigations, if requested to do so.

22          Additionally, the agreement states that, if called

23   upon to do so, you will provide complete and truthful

24   testimony before any grand jury or trial jury in any criminal

25   case, in any civil proceeding or trial, and in any

1   administrative proceeding or hearing.

2          The agreement further states that you shall neither

3   minimize or fabricate or exaggerate your own role or the role

4   of others in connection with your cooperation; and the

5   agreement states, as it does in other places, that if you fail

6   to live up to your obligation to provide complete and truthful

7   information, the agreement can be deemed void, the Government

8   can prosecute you to the full extent of the law, and also use

9   any information you have provided in this case or in any other

10  prosecution that they might bring against you.

11         The agreement also states that you are going to

12  provide the probation office and counsel for the United States

13  a full, complete and accurate personal financial statement;

14  and if it's not full, accurate and complete, again, the

15  Government can void the agreement and use any and all

16  information you have provided to it against you.

17         The agreement then says that, provided you don't

18  commit any new criminal offenses and provided you continue to

19  demonstrate acceptance of responsibility, the United States

20  will recommend at sentencing that you receive a three-level

21  reduction for acceptance of responsibility under the

22  Sentencing Guidelines.

23         However, the United States will not be required to

24  make that recommendation if you fail or refuse to make a full,

25  accurate and complete disclosure to the United States and the

probation office of the circumstances surrounding your

relevant criminal conduct and your present financial

condition, or if you've misrepresented anything to the United

States prior to entering into the plea agreement, or if you

commit any misconduct after entering into the plea agreement.

The agreement further states with respect to your

cooperation that if, in the sole and unreviewable judgment of

the United States, your cooperation is of such quality and

significance to the investigation or prosecution of other

criminal matters as to warrant the Court's downward departure

from the sentence otherwise advised by the Sentencing

Guidelines, the United States may, at or before sentencing, or

after sentencing, to the extent permitted by law, make a

motion saying you've provided substantial assistance and

recommending a sentence reduction.

However, you have specifically acknowledged and

agreed that nothing in the agreement can be construed as

requiring the United States to make such a motion, and that

even if the United States makes such a motion, I am under no

obligation to grant the motion.

Again, like Ms. Medina, you have agreed to certain

facts for sentencing purposes.  Those agreements are not

binding on me or the probation office.  But, in any event, you

have agreed that your participation in the conspiracy resulted

in an actual or intended loss of more than $200,000 and less

1   than $400,000; that the scheme involved sophisticated means;

2   and that you were an organizer/leader of the criminal

3   activity.

4         The agreement goes on to say that at sentencing you

5   and the United States have agreed to jointly recommend that I

6   impose a sentence within the advisory Sentencing Guideline

7   range produced by application of the guidelines; that I

8   neither depart upward nor downward under the Sentencing

9   Guidelines when determining the advisory Sentencing Guideline

10  range; and that there are no factors which would support or

11  otherwise suggest the propriety of a variance.

12        The agreement then states that, based upon the

13  application of the facts to which you have agreed and giving

14  you credit for acceptance of responsibility, the total

15  adjusted offense level, which again is not binding on me or

16  the probation office, would be a level 21.

17        The agreement also says that you're agreeing to

18  immediately and voluntarily forfeit any assets to the United

19  States which are subject to forfeiture on account of the

20  criminal activity described in the indictment and to assist

21  the United States with respect to such forfeiture.

22        The agreement also states that you are knowingly and

23  voluntarily waiving any claim or defense you have under the

24  United States Constitution or otherwise to forfeiture, and

25  waiving any right to notice.  And that all applies regardless

```
 1   of whether the forfeiture proceedings are administrative or
 2   judicial.
 3             The agreement also contains a partial waiver of your
 4   appeal rights.  Under the agreement you are giving up your
 5   right to appeal the sentence or the manner in which the
 6   sentence was imposed unless the sentence exceeds the maximum
 7   permitted by statute or is the result of an upward departure
 8   or variance from the guideline range established at the time
 9   of sentencing.  However, if the United States were to appeal
10   your sentence, then you would be able to appeal on any basis.
11             The agreement further states that you acknowledge
12   you've discussed the appeal waiver in the agreement with your
13   lawyer and you agree to entry of a specific finding that your
14   waiver of your right to appeal was knowing and voluntary.
15             Your agreement likewise provides that while this
16   agreement is binding on the Fraud Section of the Criminal
17   Division of the United States Department of Justice and the
18   U.S. Attorney's office here, nothing in it releases you from
19   any claims under Title 26, which is the Internal Revenue Code.
20             The agreement again states that if you breach any
21   provision, including by providing any false or incomplete
22   information with respect to anything that you have to do under
23   this agreement, the Government can declare the agreement void,
24   can prosecute you to the full extent of the law, and use any
25   information you've provided against you in this or any other
```

1    prosecution.

2           Okay.  Now, do you understand all of those terms and

3    conditions and all the other terms and conditions of your plea

4    agreement?

5           DEFENDANT LABRADA:  Yes, Your Honor.

6           THE COURT:  Okay.  Now, Ms. Flores, under your plea

7    agreement you've agreed to plead guilty to Count 2 of the

8    indictment.

9           Count 2 charges you with conspiring to violate the

10   antikickback statute, Title 42, United States Code, Section

11   1320a-7b(b)(1), which makes it a federal offense for anyone to

12   knowingly and willfully solicit and receive remuneration,

13   including any kickback, bribe or rebate, directly or

14   indirectly, overtly or covertly, in cash or in kind, in turn

15   for referring an individual to a person for the furnishing or

16   arranging for the furnishing of any item or service for which

17   the Medicare program is obligated to pay; and in return, the

18   United States agrees to seek dismissal of Counts 7 and 8 of

19   the indictment as to you after you are sentenced.

20          Your agreement likewise says that you understand that

21   your sentence will be imposed after I have the opportunity to

22   consider the presentence report prepared by the probation

23   office and the advisory Federal Sentencing Guidelines as they

24   apply to your case.

25          The agreement also says that by pleading guilty to

1  Count 2, you agree that I have the jurisdiction and the

2  authority to impose any sentence up to the maximum permitted

3  by law for the offense to which you're pleading guilty.

4       The agreement further states that as a result of your

5  entering into this plea, you are excluded from the Medicare,

6  Medicaid, and all federal health care benefit programs except

7  as a beneficiary.

8       The agreement also states that your guilty plea may

9  have adverse immigration consequences for you, including

10 removal or deportation from the United States.

11      Your agreement also says that you're going to

12 cooperate with law enforcement and with federal regulatory

13 officials charged with overseeing and regulating the Medicare

14 program by providing full and complete and truthful

15 information regarding your knowledge, conduct and actions

16 while involved in health care, and by providing active

17 cooperation in ongoing investigations, and, if called upon to

18 do so, by providing complete and truthful testimony before any

19 grand jury or trial jury in any criminal case, in any civil

20 proceeding or trial, and in any administrative proceeding or

21 hearing.

22      The agreement states further that in carrying out

23 your obligations to so cooperate, you agree that you will not

24 minimize your own involvement or fabricate, minimize or

25 exaggerate the involvement of others.

 1          And the agreement states that if you fail to provide

 2    complete and truthful information, then the United States may

 3    declare the agreement void; they can prosecute you to the full

 4    extent of the law and use any information provided by you

 5    against you in this proceeding or any other prosecution they

 6    might bring.

 7          The agreement further states that you're going to

 8    provide the probation office and counsel for the United States

 9    with a full, complete and accurate personal financial

10    statement.  And again, if you fail to do so, the United States

11    can declare the agreement to be void and take all of the

12    actions we just discussed.

13          The agreement then says that, provided you don't

14    commit any new criminal offenses and provided you continue to

15    demonstrate affirmative acceptance of personal responsibility

16    for your criminal conduct, the United States will recommend at

17    sentencing that you receive a three-level reduction for

18    acceptance of responsibility under the guidelines.

19          However, the United States will not be required to

20    make this recommendation if you fail or refuse to make full,

21    accurate and complete disclosure to the United States and the

22    probation office of the circumstances surrounding your

23    relevant criminal conduct and your present financial

24    condition, you misrepresent any facts prior to entering into

25    the plea agreement, and you commit any misconduct after

1  entering into the plea agreement.

2        The agreement then says that the United States

3  reserves the right to evaluate the nature and extent of your

4  cooperation, and that if, in the sole and unreviewable

5  judgment of the United States, your cooperation is of such

6  quality and significance to the investigation or prosecution

7  of other criminal matters as to warrant the Court's downward

8  departure from the sentence recognize suggested by the

9  Sentencing Guidelines, the United States may, at or before

10  sentencing, or after sentencing, to the extent permitted by

11  law, make a motion saying you've provided substantial

12  assistance and recommending a sentence reduction.

13        However, you have specifically acknowledged and

14  agreed that nothing in the agreement can be construed as

15  requiring the United States to make such a motion, and that

16  even if the United States makes such a motion, I am under no

17  obligation to grant the motion.

18        The agreement further states that you admit and

19  acknowledge for sentencing purposes that the improper benefit

20  to be conferred was more than $200,000 and less than $400,000.

21        The agreement further states that you and the United

22  States have agreed to jointly recommend that I impose a

23  sentence within the advisory Sentencing Guideline range

24  produced by application of the Sentencing Guidelines at your

25  sentencing; that I neither depart upward or downward under the

```
 1   Sentencing Guidelines when determining the advisory Sentencing
 2   Guideline range in your case; and that there are no factors or
 3   circumstances which would support or otherwise suggest the
 4   propriety of a variance.
 5          Additionally, the agreement states that at the
 6   sentencing the United States will recommend a sentence at the
 7   low end of the guidelines.
 8          Based on your agreement as to the facts and, in
 9   addition, because you and the United States have agreed that
10   you are deserving of a two-level reduction as a minor
11   participant, and giving you credit for acceptance of
12   responsibility, the total adjusted offense level recommended
13   by you and the United States -- again, not binding on me or on
14   the probation office -- is a level 15 or 17.
15          MR. STEWART:  Your Honor, if I may just one moment.
16          THE COURT:  Excuse me.
17          MR. STEWART:  Sorry to interrupt, Your Honor.  I just
18   wasn't sure if I heard you correctly in describing one
19   particular part of that calculation.
20          Specifically, the agreement in paragraph 15(c), the
21   parties in that portion of the agreement reserve the right to
22   argue at sentencing whether the defendant was a minor
23   participant, and then based on the Court's ruling on that
24   issue --
25          THE COURT:  I see.  That's why it says 15 or 17.
```

 1            MR. STEWART:  Exactly.

 2            THE COURT:  Fine.  Thank you for that clarification.

 3         Then the agreement goes on to say that you agree to

 4    immediately and voluntarily forfeit any assets which are

 5    subject to forfeiture and to assist the United States in the

 6    forfeiture of any assets which are subject to forfeiture on

 7    account of your criminal activity described in the indictment.

 8            The agreement further states that you knowingly and

 9    voluntarily waive any claim or defense you have to forfeiture

10    under the United States Constitution or otherwise as well as

11    any right to a jury trial or any right to notice of any

12    forfeiture proceedings.  And all of that applies regardless of

13    whether the forfeiture is administrative or judicial.

14            The agreement also contains a partial waiver of your

15    appeal rights.  Under the agreement you are giving up your

16    right to appeal any sentence imposed or to appeal the manner

17    in which the sentence was imposed unless the sentence exceeds

18    the maximum permitted by statute or is the result of an upward

19    departure or variance from the guideline range established at

20    the time of sentencing.  You're also giving up your right to

21    appeal any restitution order or the manner in which the

22    restitution judgment or order is imposed.  The agreement then

23    states, however, that if the United States were to appeal your

24    sentence, you would be able to appeal it on any basis.

25            The agreement also says that by signing it, you

1   acknowledge you've discussed the appeal waiver with your

2   lawyer and you agree to entry of a specific finding that your

3   waiver of your right to appeal was knowing and voluntary.

4          Again, last of all, the agreement provides that if

5   you violate it in any way, the Government can declare it void,

6   can prosecute you to the full extent of the law, and can use

7   any information you've provided to the Government against you

8   in this or any other prosecution that it thinks is

9   appropriate.

10         Now, is there anything about those terms and

11  conditions or any other term and condition of this plea

12  agreement that you do not understand?

13         DEFENDANT FLORES:  I agree.

14         THE COURT:  But do you understand it all?  That is

15  the question.

16         DEFENDANT FLORES:  Yes, I do understand it, yes.

17         THE COURT:  Okay.  Now, Mr. Martinez, under your plea

18  agreement you have agreed to plead guilty to Count 2 of the

19  indictment charging you with conspiring to violate the

20  antikickback statute, Title 42, United States Code, Section

21  1320a-7b(b)(1), which makes it a federal offense for anyone to

22  knowingly and willfully solicit and receive remuneration,

23  including any kickback, bribe or rebate, directly or

24  indirectly, overtly or covertly, in cash or in kind, in return

25  for referring an individual to a person for the furnishing or

1  arranging for the furnishing for any item or services for

2  which payment may be made by the Medicare program; and in

3  return, the United States agrees to seek dismissal of Counts 9

4  and 10 of the indictment as to you after you are sentenced.

5           The agreement then states that you understand that

6  your sentence will be imposed after I have the opportunity to

7  consider the presentence report prepared by the probation

8  office and the advisory Federal Sentencing Guidelines as they

9  apply to your case.

10          The agreement also says that by pleading guilty to

11 Count 2, you are agreeing that I have the jurisdiction and the

12 authority to impose any sentence up to the maximum permitted

13 by law for the offense to which you're pleading guilty.

14          The agreement further states that you understand that

15 as a result of your pleading guilty to Count 2, you will be

16 excluded from any federal health care program, including

17 Medicare or Medicaid, except as a beneficiary.

18          The agreement also states that you understand that

19 your plea of guilty may have adverse immigration consequences

20 and that you may be deported or removed from the United

21 States.

22          The agreement also states that you're going to

23 cooperate with law enforcement and with federal regulatory

24 officials charged with regulating or overseeing the Medicare

25 program by providing full, complete and truthful information

1  regarding your knowledge, conduct and actions while involved

2  in health care, and by providing active cooperation in ongoing

3  investigations, if requested to do so.

4          Additionally, you've agreed to provide complete and

5  truthful information before any grand jury or trial jury in

6  any criminal case, or any civil proceeding or trial, or any

7  administrative proceeding or hearing, if called upon to do so.

8          And the agreement states that in carrying out such

9  obligations, you shall neither minimize your own involvement,

10 or fabricate, minimize or exaggerate the involvement of

11 others.

12         In that regard, the agreement states that if you

13 provide incomplete or untruthful information, the Government

14 will be able to prosecute you to the full extent of the law in

15 this case and use any information you have provided to the

16 Government against you in this or any other prosecution that

17 it believes to be appropriate.

18         The agreement also says that you're going to provide

19 the probation office and counsel for the United States with a

20 full, complete and accurate personal financial statement, and

21 that if you fail to do so, the Government can declare this

22 agreement void with the consequences that we've just

23 discussed.

24         The agreement further states that provided you commit

25 no new criminal offenses and provided you continue to

1    demonstrate affirmative recognition and acceptance of personal

2    responsibility, at sentencing the United States will recommend

3    that you receive a three-level reduction for acceptance of

4    responsibility.

5            However, the United States will not be required to

6    make this recommendation if you fail or refuse to make a full,

7    accurate and complete disclosure to the United States and the

8    probation office of the circumstances surrounding your

9    relevant criminal conduct and present financial condition,

10   you've misrepresented anything to the United States prior to

11   entering into this plea agreement, or you commit any

12   misconduct after entering into the plea agreement.

13           The agreement goes on to state that the United States

14   reserves the right to evaluate the nature and extent of your

15   cooperation, and that if, in the sole and unreviewable

16   judgment of the United States, your cooperation is of such

17   quality and significance to the investigation or prosecution

18   of other criminal matters as to warrant the Court's downward

19   departure from the sentence suggested by the advisory

20   Sentencing Guidelines, the United States may, at or before

21   sentencing, or after sentencing, to the extent permitted by

22   law, make a motion saying you've provided substantial

23   assistance and recommending a sentence reduction.

24           However, you have specifically acknowledged and

25   agreed that nothing in the agreement can be construed as

1  requiring the United States to make such a motion, and that

2  even if the United States makes such a motion, I am under no

3  obligation to grant the motion.

4       The agreement goes on to say that you agree for

5  sentencing purposes that your participation in the conspiracy

6  resulted in the value of the improper benefit to be conferred

7  to be more than $200,000 but less than $400,000.

8       With respect to sentencing, the agreement states in

9  paragraph 14 that you and the United States agree, although

10  it's not binding on me or the probation office, to recommend

11  that I impose a sentence within the advisory Sentencing

12  Guideline produced by application of the Sentencing Guidelines

13  at your sentencing hearing; that I neither depart upward nor

14  depart downward under the Sentencing Guidelines when

15  determining the advisory Sentencing Guideline range; and that

16  there are no factors or circumstances which would support or

17  otherwise suggest the propriety of any variance.

18       In addition, the agreement states in paragraph 14

19  that the United States will recommend a sentence at the low

20  end of the Sentencing Guidelines.

21       In paragraph 15, the agreement states that you and

22  the United States have agreed, although it's not binding on me

23  or the probation office, that based upon the value of the

24  improper benefit to be conferred and giving you credit for

25  acceptance of responsibility, the total offense level as

1  adjusted would be recommended to be a level 17.  But again,

2  that's not binding on me or the probation office.

3         The agreement also states that you are agreeing to

4  voluntarily and immediately forfeit any assets which are

5  subject to forfeiture and to assist the United States in any

6  forfeiture of any assets.

7         The agreement further states that you are knowingly

8  and voluntarily waiving any claims or defenses you have under

9  the United States Constitution or any other law to forfeiture;

10 that you're giving up any right to a jury trial and any right

11 to notice of forfeiture proceedings; and all of that applies

12 regardless of whether the forfeiture proceedings are

13 administrative or judicial.

14        The agreement also contains a partial waiver of your

15 appeal rights.  Under the agreement you are giving up your

16 right to appeal your sentence or the manner in when the

17 sentence was imposed, or any restitution order, unless the

18 sentence exceeds the maximum permitted by statute or is the

19 result of an upward departure or variance from the guideline

20 range established at the time of sentencing.  However, if the

21 United States appeals your sentence, then you can appeal on

22 any basis.

23        Also, the agreement states that you acknowledge

24 you've discussed the appeal waiver in the agreement with your

25 lawyer and you agree to entry of a specific finding that your

 1  waiver of your right to appeal your sentence was knowing and

 2  voluntary.

 3       The agreement also says that it binds only the Fraud

 4  Section of the Criminal Division and does not release you from

 5  any claims under Title 26 of the United States Code, which is

 6  the Internal Revenue Code.

 7       And last of all, the agreement makes it abundantly

 8  clear that if you fail to comply with each and every term of

 9  the agreement, the United States can declare it to be void; it

10  can prosecute you to the full extent of the law; and it can

11  use any information that you've provided to the United States

12  against you in this or any other prosecution that it thinks is

13  appropriate.

14       Is there anything about those terms and conditions or

15  any other term and condition of this plea agreement that you

16  do not understand?

17       DEFENDANT MARTINEZ:  No.

18       THE COURT:  Now, going back to all of you.

19       Has anybody offered you anything, promised you

20  anything or assured you of anything other than what's in your

21  plea agreement in order to induce you to plead guilty to

22  Count 1, Ms. Medina?

23       DEFENDANT MEDINA:  No.

24       THE COURT:  And Ms. Labrada?

25       DEFENDANT LABRADA:  No.

```
 1              THE COURT:  And has anybody offered you, promised you
 2    anything or assured you of anything in order to induce you to
 3    enter a plea of guilty to Count 2, Ms. Flores?
 4              DEFENDANT FLORES:  No.
 5              THE COURT:  And Mr. Martinez?
 6              DEFENDANT MARTINEZ:  No.
 7              THE COURT:  And has anybody threatened you, coerced
 8    you or forced you in any way to enter a plea of guilty to any
 9    charge, Ms. Medina?
10              DEFENDANT MEDINA:  No.
11              THE COURT:  Ms. Labrada?
12              DEFENDANT LABRADA:  No.
13              THE COURT:  Ms. Flores?
14              DEFENDANT FLORES:  No.
15              THE COURT:  And Mr. Martinez?
16              DEFENDANT MARTINEZ:  No.
17              THE COURT:  And do you understand that the offense to
18    which you are pleading guilty is a felony and that if your
19    plea is accepted by the Court you will be adjudged guilty of a
20    felony, and as a result you will lose valuable civil rights,
21    such as the right to possess a firearm; if you are a United
22    States citizen:  The right to hold public office, the right to
23    serve on a jury and the right to vote; and if you are not a
24    United States citizen, you could be deported or removed from
25    the United States; and if you are a naturalized United States
```

1  citizen, you could be denaturalized and deported or removed

2  from the United States, Ms. Medina?

3          DEFENDANT MEDINA:  Yes.

4          THE COURT:  Ms. Labrada?

5          DEFENDANT LABRADA:  Yes.

6          THE COURT:  Ms. Flores?

7          DEFENDANT FLORES:  Yes.

8          THE COURT:  And Mr. Martinez?

9          DEFENDANT MARTINEZ:  Yes.

10         THE COURT:  Okay.  Now, as to Ms. Medina and

11 Ms. Labrada, the maximum possible penalty provided by law for

12 the charge in Count 1 is ten years in prison.  Any term of

13 imprisonment will have to be followed by a term of supervised

14 release not exceeding three years.  The Court will be required

15 to order restitution.  Additionally, the Court could impose a

16 fine of up to the greater of $250,000 or twice the pecuniary

17 gain or loss from the offense; and a $100 assessment will be

18 imposed against you.

19         Do you understand that those are the maximum

20 consequences that could result from your entering a plea of

21 guilty to Count 1, Ms. Medina?

22         DEFENDANT MEDINA:  Yes.

23         THE COURT:  And Ms. Labrada?

24         DEFENDANT LABRADA:  Yes.

25         THE COURT:  And as to Ms. Flores and Mr. Martinez,

1  the maximum possible penalty provided by law for the offense

2  charged in Count 2 is five years in prison.  Any term of

3  imprisonment will have to be followed by a term of supervised

4  release not exceeding three years.  The Court could impose a

5  fine of up to the greater of $250,000 or twice the pecuniary

6  gain or loss from the offense.

7          There's no restitution because these are kickbacks,

8  right?

9          MR. STEWART:   Correct.

10          THE COURT:  The Court might be able to order

11  restitution; and a $100 assessment will be made against you.

12          Do you understand that those are the possible

13  consequences that could result from your entering a plea of

14  guilty to Count 2, Ms. Flores?

15          DEFENDANT FLORES:  Yes.

16          THE COURT:  And Mr. Martinez?

17          DEFENDANT MARTINEZ:  Yes.

18          THE COURT:  All right.  Now, have you and your lawyer

19  talked about how the advisory Federal Sentencing Commission

20  Guidelines might apply in your case, Ms. Medina?

21          DEFENDANT MEDINA:  Yes.

22          THE COURT:  And Ms. Labrada?

23          DEFENDANT LABRADA:  Yes.

24          THE COURT:  And Ms. Flores?

25          DEFENDANT FLORES:  Yes.

1          THE COURT:  And Mr. Martinez?

2          DEFENDANT MARTINEZ:  Yes.

3          THE COURT:  And do you understand that I will not be

4   able to determine the guideline sentence for your case until

5   after the presentence report has been prepared by the

6   probation office, and you and the Government have had the

7   opportunity to challenge the facts reported by the probation

8   office and the application of the guidelines recommended by

9   the probation office, Ms. Medina?

10          DEFENDANT MEDINA:  Yes.

11          THE COURT:  Ms. Labrada?

12          DEFENDANT LABRADA:  Yes.

13          THE COURT:  Ms. Flores?

14          DEFENDANT FLORES:  Yes.

15          THE COURT:  And Mr. Martinez?

16          DEFENDANT MARTINEZ:  Yes.

17          THE COURT:  And do you understand that the sentence

18   ultimately imposed could be different from any estimate that

19   your lawyer or anyone else may have given you, and that if

20   your sentence is more severe than you expect, you will still

21   be bound by your guilty plea and you will not be able to

22   withdraw it, Ms. Medina?

23          DEFENDANT MEDINA:  Yes.

24          THE COURT:  And Ms. Labrada?

25          DEFENDANT LABRADA:  Yes.

```
 1              THE COURT:  And Ms. Flores?

 2              DEFENDANT FLORES:  Yes.

 3              THE COURT:  And Mr. Martinez?

 4              DEFENDANT MARTINEZ:  Yes.

 5              THE COURT:  And do you understand that I have the

 6   authority in some circumstances to impose a sentence that is

 7   more severe or less severe than the sentence called for by the

 8   guidelines, Ms. Medina?

 9              DEFENDANT MEDINA:  Yes.

10              THE COURT:  And Ms. Labrada?

11              DEFENDANT LABRADA:  Yes.

12              THE COURT:  And Ms. Flores?

13              DEFENDANT FLORES:  Yes.

14              THE COURT:  And Mr. Martinez?

15              DEFENDANT MARTINEZ:  Yes.

16              THE COURT:  And do you understand that parole has

17   been abolished and that if you are sentenced to prison you

18   will not be released on parole, Ms. Medina?

19              DEFENDANT MEDINA:  Yes.

20              THE COURT:  Ms. Labrada?

21              DEFENDANT LABRADA:  Yes.

22              THE COURT:  And Ms. Flores?

23              DEFENDANT FLORES:  Yes.

24              THE COURT:  And Mr. Martinez?

25              DEFENDANT MARTINEZ:  Yes.
```

1          THE COURT:  And do you understand that the only

2     appeal rights you will have are those that are specifically

3     set forth in your agreement, Ms. Medina?

4          DEFENDANT MEDINA:  Yes.

5          THE COURT:  And Ms. Labrada?

6          DEFENDANT LABRADA:  Yes, Your Honor.

7          THE COURT:  And Ms. Flores?

8          DEFENDANT FLORES:  Yes.

9          THE COURT:  And Mr. Martinez?

10         DEFENDANT MARTINEZ:  Yes.

11         THE COURT:  All right.  Now, the law requires that we

12    go over the rights you would have had had you gone to trial to

13    make sure you understand those rights and that you're

14    voluntarily giving them up.

15         Do you understand that you have the right to plead

16    not guilty to any charge against you and to persist in that

17    plea and that then you would have the right to a trial by

18    jury, Ms. Medina?

19         DEFENDANT MEDINA:  Yes.

20         THE COURT:  And Ms. Labrada?

21         DEFENDANT LABRADA:  Yes.

22         THE COURT:  And Ms. Flores?

23         DEFENDANT FLORES:  Yes.

24         THE COURT:  And Mr. Martinez?

25         DEFENDANT MARTINEZ:  Yes.

```
 1              THE COURT:  And do you understand that at such a
 2    trial you would be presumed to be innocent and the United
 3    States would be required to prove your guilt beyond a
 4    reasonable doubt, Ms. Medina?
 5              DEFENDANT MEDINA:  Yes.
 6              THE COURT:  And Ms. Labrada?
 7              DEFENDANT LABRADA:  Yes.
 8              THE COURT:  And Ms. Flores?
 9              DEFENDANT FLORES:  Yes.
10              THE COURT:  And Mr. Martinez?
11              DEFENDANT MARTINEZ:  Yes.
12              THE COURT:  And do you further understand that at
13    such a trial you would have the right to the assistance of
14    counsel for your defense; that you would have the right to see
15    and hear all of the witnesses and have them cross-examined on
16    your behalf; that you would have the right on your own part to
17    decline to testify unless you voluntarily elected to do so in
18    your own defense; and you would have the right to the issuance
19    of subpoenas or compulsory process to compel the attendance of
20    witnesses to testify on your behalf, Ms. Medina?
21              DEFENDANT MEDINA:  Yes.
22              THE COURT:  Ms. Labrada?
23              DEFENDANT LABRADA:  Yes.
24              THE COURT:  Ms. Flores?
25              DEFENDANT FLORES:  Yes.
```

```
 1              THE COURT:  And Mr. Martinez?

 2              DEFENDANT MARTINEZ:  Yes.

 3              THE COURT:  And do you further understand that by

 4    entering a plea of guilty, as contemplated by your plea

 5    agreement, you are giving up your right to a trial as well as

 6    those other rights associated with a trial that I've just

 7    described to you, Ms. Medina?

 8              DEFENDANT MEDINA:  Yes.

 9              THE COURT:  Ms. Labrada?

10              DEFENDANT LABRADA:  Yes.

11              THE COURT:  Ms. Flores?

12              DEFENDANT FLORES:  Yes.

13              THE COURT:  And Mr. Martinez?

14              DEFENDANT MARTINEZ:  Yes.

15              THE COURT:  Now, I have in front of me for each of

16    you an Agreed Factual Basis For Guilty Plea.  They all appear

17    to have been signed, or each one appears to have been signed

18    by each of you.  They're all in English.

19              So, Ms. Medina, did you sign the Agreed Factual Basis

20    For Guilty Plea and before you signed it was it translated

21    into Spanish for you?

22              DEFENDANT MEDINA:  Yes.

23              THE COURT:  And did you have a full opportunity to

24    review it and to go over it with Mr. White before you signed

25    it?
```

1        DEFENDANT MEDINA:  Yes.

2        THE COURT:  And do you agree with each and every fact

3  contained in the document and is that why you signed it?

4        DEFENDANT MEDINA:  Yes.

5        THE COURT:  And now, how do you plead to the charge

6  in Count 1:  Guilty or not guilty?

7        DEFENDANT MEDINA:  Guilty.

8        THE COURT:  And Ms. Labrada, did you sign your Agreed

9  Factual Basis For Guilty Plea and did you do so after it was

10  translated into Spanish for you?

11        DEFENDANT LABRADA:  Yes.

12        THE COURT:  And before you signed it, did you have a

13  full opportunity to review it and to go over it with

14  Ms. Higgins, your lawyer?

15        DEFENDANT LABRADA:  Yes.

16        THE COURT:  And do you agree with each and every fact

17  contained in the document and is that why you signed it?

18        DEFENDANT LABRADA:  Yes.

19        THE COURT:  And now, how do you plead to Count 1:

20  Guilty or not guilty?

21        DEFENDANT LABRADA:  Guilty.

22        THE COURT:  Okay.  And Ms. Flores, did you sign the

23  Agreed Factual Basis For Guilty Plea that applies to you and

24  was it translated into Spanish before you signed it?

25        DEFENDANT FLORES:  Yes.

1          THE COURT:  And before you signed it, did you have a

2   full opportunity to review it and to discuss it with Mr. Dray?

3          DEFENDANT FLORES:  Yes.

4          THE COURT:  And do you agree with each and every fact

5   contained in the document and is that why you signed it?

6          DEFENDANT FLORES:  Yes.

7          THE COURT:  Okay.  And Mr. Martinez, did you sign the

8   Agreed Factual Basis For Guilty Plea and before you signed it

9   was it translated into Spanish for you?

10          DEFENDANT MARTINEZ:  Yes.

11          THE COURT:  And before you signed it, did you have a

12   full opportunity to review it carefully and to discuss it with

13   your attorney, Mr. Tomas?

14          DEFENDANT MARTINEZ:  Yes.

15          THE COURT:  And do you agree with each and every fact

16   contained in the document and is that why you signed it?

17          DEFENDANT MARTINEZ:  Yes.

18          THE COURT:  And now, how do you plead to Count 2:

19   Guilty or not guilty?

20          DEFENDANT MARTINEZ:  Guilty.

21          THE COURT:  I don't recall whether I asked you,

22   Ms. Flores, how you pled to Count 2.  Do you plead guilty or

23   not guilty to Count 2?

24          DEFENDANT FLORES:  Guilty.

25          THE COURT:  Then it's the finding of the Court in the

1  case of the United States versus Isabel Medina and Lerida

2  Labrada and Mayra Flores and German Martinez in case number

3  13-20713 that each defendant is fully competent and capable of

4  entering an informed plea; that each defendant is aware of the

5  nature of the charge to which each is pleading guilty and the

6  consequences of the plea; that the plea of guilty of each

7  defendant is a knowing and voluntary plea supported by an

8  independent basis in fact containing each of the essential

9  elements of the offense.

10       The Court now accepts Ms. Medina's and Ms. Labrada's

11 plea of guilty to Count 1, and Ms. Flores' and Mr. Martinez's

12 plea of guilty to Count 2, and now adjudges them guilty of

13 those offenses.

14       Sentencing is scheduled for March 14, 2014, at 2:00

15 p.m.

16       Now, it's obvious to me that Ms. Labrada and

17 Mr. Martinez are in custody.  Are they going to remain in

18 custody?

19       MR. TOMAS:  Your Honor, with respect to Mr. Martinez,

20 after speaking to the Government, we have agreed to propose a

21 modification which will allow Mr. Martinez to post a personal

22 surety bond.  We weren't sure if Your Honor wanted to take

23 care of that here or if you wanted to refer it to a

24 magistrate.

25       THE COURT:  We'll send it to Magistrate Judge.  But

 1   what I want to do is I want to advise them that if they are

 2   not in custody at any time between now and the time of

 3   sentencing, they must comply with the terms and conditions of

 4   any release; and if they fail to do so, they could be

 5   rearrested and incarcerated without notice.

 6          Also, any defendant who is not in custody at the time

 7   of the sentencing hearing has to understand that if he or she

 8   fails to appear for sentencing on the date and at the time

 9   scheduled, that would be a separate federal offense for which

10   that individual could be separately prosecuted and

11   consecutively sentenced.

12          Also, each defendant needs to keep in mind that

13   between now and the time of sentencing the probation office

14   will be preparing the presentence report for my consideration

15   at the time of sentencing.  In order to prepare the report,

16   the probation office will need information from each of you.

17   When providing information to the probation office, you always

18   have the right to have your lawyer present.

19          Additionally, you and your lawyer will have an

20   opportunity to review the presentence report in advance of the

21   sentencing hearing and to file written objections to anything

22   you disagree with; and at the sentencing hearing your lawyer

23   will have an opportunity to speak on your behalf and you will

24   have an opportunity to speak, if you wish to do so.

25          Now, what else do we need to do in this case?

1        MS. HIGGINS:  Your Honor, I was just going to alert

2   the Court that I'm in the same situation as counsel and that

3   we were going to approach with regard to changing the terms of

4   the bond that's currently set for Ms. Labrada.  But I heard

5   the Court say that this matter should be referred to I think

6   it's Magistrate Torres.

7        THE COURT:  Yeah.  I think it's just easier to get

8   all the paperwork done in the magistrate section.  I have no

9   objection.  If you and the Government have reached an

10  agreement that she should be released, that's fine with me.  I

11  just think it's more efficient, especially since we're a

12  little busy today, that you go to the magistrate section and

13  get the paperwork done there.

14       MS. HIGGINS:  Very well.  Thank you, Your Honor.

15       THE COURT:  Okay.  Thank you.

16       MR. DRAY:  Judge, one last thing on Ms. Flores.  Is

17  it possible for the PSR, for her current employer, can they

18  verify that through an employment stub, Judge.

19       THE COURT:  Pardon me?

20       MR. DRAY:  Can I submit an order, Judge, so that

21  Probation, if they inquire about her current employment, it's

22  verified through a payment slip, pay stubs, as opposed calling

23  and talking to them?

24       THE COURT:  As opposed and calling and talking to

25  whom?

```
 1              MR. DRAY:  To the employer to let them know about the
 2   situation, Judge.  She's working in a restaurant right now.
 3              THE COURT:  Do you have any objection, Mr. Stewart?
 4              MR. STEWART:  Just to clarify, the concern is that
 5   calling the employer will alert them to her current status
 6   before the Court?
 7              MR. DRAY:  Yeah.  Probation normally calls to verify
 8   that she's actually employed.
 9              MR. STEWART:  And you'd rather do it with pay stubs?
10              MR. DRAY:  Yes.
11              MR. STEWART:  There's no objection.
12              MR. DRAY:  Thank you.
13              THE COURT:  Okay.  So I think you better submit a
14   written order.
15              MR. DRAY:  I will, Judge.  Thank you very much.
16              THE COURT:  What exactly is she doing at the
17   restaurant?
18              MR. DRAY:  She's a waitress.
19              THE COURT:  She's a waitress.
20              MR. DRAY:  Yes, Judge.
21              THE COURT:  Okay.  Fine.
22              MR. DRAY:  Thank you very much, Your Honor.
23              THE COURT:  Okay.  Thank you.
24        *     *     *     *     *     *     *     *     *     *
25
```

1                    C E R T I F I C A T E

2

3        I certify that the foregoing is a correct transcript

4    from the record of proceedings in the above-entitled matter.

5

6            /s/

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25